IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIMO DOORS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | Case No. _____ |
| ZAC MURTHA | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § | |

## COMPLAINT

Plaintiff Primo Doors, LLC ("Primo") brings this action against defendant Zac Murtha ("Murtha") and alleges:

### THE PARTIES

**1.** Primo is a limited liability company organized and existing under the laws of the State of Texas, and having an address at 1298 North Post Oak Road, Houston, Texas 77055.

**2.** On information and belief, Murtha is an individual residing within the State of Texas and having a business address at 1848 Lone Star Road, Suite 504, Mansfield, Texas 76063, where he may be served with process. Murtha is doing business within this judicial district, including business using its infringing name to conduct business in competition with Primo within this judicial district.

### JURISDICTION AND VENUE

**3.** This is an action for trademark infringement, false designation of origin, unfair competition, and unjust enrichment arising under the provisions of the Trademark Laws of the United States of America, Title 15, United States Code, also known as the Lanham Act, and the laws of the State of Texas.

4. Subject-matter jurisdiction over Primo's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

5. On information and belief, Murtha has engaged in tortious acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment within the State of Texas and this district, the results of which have been felt by and caused injury to Primo within this judicial district.

6. On information and belief, Murtha has advertised its services and products in Texas in competition with Primo's services and products using the mark "Primo Doors | Windows | More," which is confusingly similar to Primo's "Primo Doors" trademark, and has used its confusingly similar name to conduct its door business within this judicial district.

7. On information and belief, Murtha has placed its services and products into the stream of commerce in the State of Texas with the expectation that such services and products would be offered for sale, marketed, advertised, promoted, and purchased by consumers located within the State of Texas and within this judicial district.

8. Murtha is subject to personal jurisdiction in the State of Texas and this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## PRIMO & ITS TRADEMARK RIGHTS

10. Primo is a Houston-based company in the business of retail and wholesale sales of doors and door hardware, and also the installation of doors and door hardware. Primo sells wooden doors, non-metal doors, and metal doors throughout the United States. Primo operates its business under, and is the owner of, the trademark "Primo Doors," and ships its door products nationwide.

11. Primo commenced use of its "Primo Doors" trademark in connection with its door, door hardware, and installation business at least as early as March 18, 2013. Since that time, Primo has continuously and exclusively used its "Primo Doors" mark in connection with its door, door hardware, and installation business throughout the United States, including in Texas, the Houston area, and the Dallas-Fort Worth metroplex. Primo's "Primo Doors" mark is and has been the subject of substantial and continuous marketing and promotion by Primo in connection with its door business.

12. Primo has invested in the development of its "Primo Doors" trademark, including through its carefully designed website (www.primodoors.com), which serves not only as a robust e-commerce website but also as a valuable marketing vehicle that functions as a great resource to attract new business, serve its existing customer base, and build new customer relationships.

13. As a result of Primo's marketing and promotional efforts, Primo has developed and owns valuable trademark rights in its "Primo Doors" trademark, including significant consumer goodwill and recognition corresponding to its "Primo Doors" mark nationwide, including in Texas, the Houston area and the Dallas / Fort Worth metroplex. Primo has developed a national reputation throughout the country under its "Primo Doors" brand for providing exemplary and high quality door products and services.

14. As a result of Primo's substantial use and promotion of its "Primo Doors" mark, the mark has acquired great value as a specific identifier of Primo and its business, and it also serves to identify and distinguish Primo's products and services from those of others.

15. Consumers readily recognize Primo's "Primo Doors" mark as a distinctive designation of the origin of Primo's high quality "Primo Doors" branded door products and services, and related good will and reputation. This is reflected for example in the 5-Star review shown below

that refers to the "gorgeous door from Primo Doors," the "top notch installation team," and the "beautiful door" of "solid quality" that was "delivered and installed on time":



16. Not only has Primo developed trademark rights in "Primo Doors" as a trademark, but as evidenced by the 5-Star reviews shown below, Primo is also known by, and has developed trademark rights in, the trademark "Primo" in connection with its door business:





**Kevin Revere**
1 review

★★★★★ 3 years ago

After considering a number of alternatives, Primo was hands down the best service we found for replacing our front door. The price cannot be beat for what they deliver in product quality and installation. I recommend visiting the showroom to understand the selection and talk to the sales folks. Teri streamlined the process, understanding our budget, helping us select the door and hardware to suit, and managing the delivery. Installation by Mario was very professional with genuine attention to detail. Painless process with great results.



**Donna Charleson**
2 reviews

★★★★★ a year ago

I couldn't be happier with my new front door and the service the Primo team provided. They were great to work with--after reviewing their excellent website, I visited in person (be sure and bring pix of your house and door measurements for maximum help). They explained how the doors are made and offered constructive suggestions on style and staining so that the door compliments my brick and has good curb appeal. They even helped me pick new hardware a few days later when I decided I wanted that too. Finally, I got good suggestions on how to maintain the door to make it last. The installers were very neat and professional and did a wonderful job. I definitely recommend this company!



**B Paige**
1 review · 7 photos

★★★★★ 2 years ago

I had a iron door installed from Primo after Thanksgiving. (My door is gorgeous). Jason and his staff were very professional, excellent customer service. Jason helped me select the door, and the hardware. I really appreciate them for being so kind so polite and so professional. the install crew were extremely professional, skilled,and polite. I have had so many compliments on my door. Thanks again I really appreciate you and your staff. I highly recommend your doors.



**Richard Gordon**
3 reviews · 2 photos

★★★★★ a year ago

Top notch group of folks. I contacted Primo needing three new doors on short order - during the supply chain shortages of the pandemic. Their prices were reasonable and go the work done weeks ahead of anyone else I could find. Will definitely be back for future door needs.

17. The "Primo Doors" and "Primo" marks are intellectual property assets of considerable value as a symbol of Primo and its high-quality door business, reputation and goodwill. Primo's "Primo Doors" and "Primo" trademarks are strong and distinctive trademarks.

## MURTHA'S INFRINGING ACTIVITIES

18. Murtha is a direct competitor of Primo in the door business. Primo discovered Murtha and his infringement when one of Primo's employees was picking up supplies at a local door supplier, Hoelscher Weatherstrip Manufacturing ("Hoelscher"), located in this judicial district in Tomball, Texas. While at Hoelscher, Primo's employee saw someone shopping for door supplies wearing a shirt with a logo including Primo's "Primo Doors" mark.

19. Upon further investigation, Primo discovered Murtha's business using the mark "Primo Doors | Windows | More" to sell doors in Texas in competition with Primo and in violation of Primo's trademark rights, and that the logo on the shirt witnessed at Hoelscher was for Murtha's competing door business.

20. Primo also learned of Murtha's infringing use of the "Primo Doors" mark on Murtha's website, www.primowindows.com, in a manner that is likely to cause confusion between Primo and Murtha and their respective products and services. As shown below, Murtha has designed its website so that Internet searches, such as on the Google search engine, on Primo's "Primo Doors" trademark will bring up Murtha website:



21. Murtha's website was also designed so that web searches using Primo's "Primo Doors" trademark would bring up results including Murtha's website next to Primo's website, along with Murtha's logo and related company information on the right side of the search results page next to Primo's website, as shown for example in the screenshot below:



22. By designing its website to appear in response to web searches using Primo's "Primo Doors" trademark as explained above, confusion between Primo and Murtha and their respective door products and services is likely to occur. Murtha's website design is also likely to cause consumers to think that Murtha's website is connected to, endorsed by, sponsored by, and/or affiliated with Primo. In so doing, Murtha is using Primo's trademark rights to free ride in the wake of Primo's success, marketing efforts, and established reputation in order to draw attention to and direct customers to his own business.

23. As shown above, Murtha's website design is creating a likelihood of confusion when someone types in "Primo Doors" looking for Primo but a different company profile and contact information (*i.e.*, Murtha's) appears on the screen. Murtha's website strategy creates the likelihood

that consumers will be confused and mistakenly call Murtha's company instead of Primo or provide reviews for the wrong company. This is further evidenced by the following Google search results:



24. Murtha is also receiving the benefit of marketing dollars Primo is spending to advertise and promote is "Primo Doors" door products and services online through paid ads. Murtha is receiving free advertising from Primo's trademark. As shown above, when consumers search online using Primo's trademark, Murtha's website, logo, profile and contact information shows up

organically, all at no cost to Murtha. This benefit to Murtha happens because of Primo's online marketing expenditures. As such, due to Murtha's website design, Primo is effectively paying to help promote Murtha's business when Primo's trademark is used in the web search. This is causing damage to Primo and creates a likelihood of confusion online. It would be unjust to allow Murtha to enrich himself by designing his website to realize online marketing benefits made possible by Primo's advertising expenditures.

25. Primo is the senior user of its "Primo Doors" trademark. Prior to Murtha's first use of the "Primo Doors | Windows | More" name, Primo had already long since commenced use of, and established ownership of, its "Primo Doors" trademark in connection with its door business throughout the United States, including in the DFW Metroplex. Murtha did not start his infringing use of the "Primo Doors | Windows | More" name until well after Primo had first used and established ownership of its "Primo Doors" trademark.

26. Based on Murtha's infringing activities, consumers will likely perceive some connection or association between Primo and Murtha as to source, sponsorship, or affiliation, even though no such connection or association exists.

27. Murtha's actions have enabled him to trade off of and receive the benefit of the goodwill and advantages built up by Primo through its continuous and exclusive use of Primo's "Primo Doors" mark.

28. The door services and products Murtha has provided in connection his "Primo Doors | Windows | More" name are the same or confusingly similar to the door services and products Primo provides under its "Primo Doors" branded business.

29.     The consumers to whom Murtha has advertised and marketed his door services and products using the "Primo Doors | Windows | More" name are the same class of consumers to whom Primo advertises and markets its "Primo Doors" products and services.

30.     Primo and Murtha market and advertise their respective door products and services through similar channels, including through their websites, social media (*e.g*, Facebook), and internet presence.

### MURTHA'S WILLFULNESS

31.     Primo sent Murtha a cease and desist letter dated September 16, 2022 notifying Murtha of Primo's trademark rights and the likelihood of confusion flowing from Murtha's use of Primo's trademark rights in connection with Murtha's door business. Primo demanded that Murtha cease and desist from using "Primo" in connection with its business. Murtha has refused to comply with Primo's demand, but instead has chosen to continue using "Primo" in connection with his business, and in willful violation of Primo's trademark rights. Murtha's continued acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment have been and are willful, deliberate, and in reckless disregard for Primo's trademark rights, rendering Murtha liable for enhanced damages, including treble damages under the Lanham Act and punitive damages under Texas common law.

### COUNT I
### FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
### [15 U.S.C. § 1125(a)]

32.     Primo repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

33.     Primo is the owner of valid and enforceable trademark rights in its "Primo Doors" mark in connection with its door products and services.

**34.** Murtha's use of the "Primo Doors | Windows | More" name as alleged above constitutes unfair competition and false designation of origin that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Murtha with Primo, and as to the origin, sponsorship, or approval of Murtha's products, services or commercial activities by Primo, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

**35.** Murtha's acts of unfair competition and false designation of origin under § 43(a) of the Lanham Act have caused damage to Primo, and Primo is entitled to recover from Murtha the damages sustained by Primo as a result of Murtha's wrongful acts in an amount subject to proof at trial.

**36.** As a consequence of the violations of § 43(a) complained of herein, Primo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Murtha is enjoined by this Court from committing further acts of unfair competition and false designation of origin, for which Primo has no adequate remedy at law.

### COUNT II
### TEXAS TRADEMARK INFRINGEMENT
### [COMMON LAW]

**37.** Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**38.** Murtha has used in commerce, without Primo's permission, the "Primo Doors | Windows | More" name, which is confusingly similar to Primo's "Primo Doors" mark and includes Primo's "Primo Doors" mark exactly, in connection with the sale, offer for sale, advertisement, promotion and provision of Murtha's goods and services, which is likely to cause confusion or mistake, or to deceive.

39. Murtha's use of the "Primo Doors | Windows | More" name in connection with Murtha's door business and without Primo's permission is likely to cause confusion, mistake or deception, and the public is likely to believe mistakenly that Murtha and his products and services have their source or origin with Primo, or are in some manner approved by, associated with, sponsored by or connected with Primo. Murtha has infringed Primo's trademark rights under Texas common law.

40. Murtha's acts of infringement have caused damage to Primo, and Primo is entitled to recover from Murtha the damages sustained by Primo as a result of Murtha's wrongful acts in an amount subject to proof at trial.

41. As a consequence of the infringement complained of herein, Primo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Murtha is enjoined by this Court from committing further acts of infringement, for which Primo has no adequate remedy at law.

### COUNT III
### TEXAS UNFAIR COMPETITION
### [COMMON LAW]

42. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

43. Murtha's use of its confusingly similar name in violation of Primo's trademarks creates a likelihood of confusion and constitutes unfair competition against Primo under Texas common law.

44. Murtha's acts of unfair competition have caused damage to Primo, and Primo is entitled to recover from Murtha the damages sustained by Primo as a result of Murtha's wrongful acts in an amount subject to proof at trial.

45. As a consequence of the unfair competitoin complained of herein, Primo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Murtha is enjoined by this Court from committing further acts of unfair competition, for which Primo has no adequate remedy at law.

### COUNT IV
### TEXAS UNJUST ENRICHMENT
### [COMMON LAW]

46. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

47. Based on Murtha's infringement of Primo's trademarks, Murtha has unjustly enriched himself at Primo's expense. Murtha has wrongfully secured and has received benefits, including revenues and profits through use of Primo's trademarks, and also online organic search engine marketing benefits realized through Murtha's design of his website to rank next to Primo on results of web searches on the "Primo Doors" trademark. Murtha secured these benefits by taking undue advantage of Primo and its trademark rights.

48. It would be unconscionable to allow Murtha to retain these benefits. Equity and good conscience dictate that Murtha not be permitted to retain the profits and benefits from his infringement of Primo's trademarks, and from his website design and online marketing strategy.

49. Primo has been damaged monetarily in a sum which cannot be ascertained at this time.

50. Primo has no adequate remedy at law to prevent Murtha's unjust enrichment.

/

/

/

## PRAYER FOR RELIEF

WHEREFORE, Primo prays for entry of judgment that:

**A.** Murtha has committed acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, and that the Court enter judgment in Primo's favor on all of its claims;

**B.** Primo be awarded all monetary remedies to which it is entitled under federal law and Texas state law, including all profits realized by Murtha and all damages sustained by Primo, and that Murtha be ordered to account to and pay Primo for any and all profits derived by Murtha by virtue of Murtha's wrongful acts complained of herein;

**C.** The amount of damages be trebled and that the amount of profits be increased as many times as the Court deems appropriate according to proof, pursuant to 15 U.S.C. § 1117;

**D.** Primo be awarded punitive damages against Murtha in light of the willful, wanton, egregious, and malicious nature of Murtha's wrongful acts complained of herein, which were carried out in reckless disregard for Primo's rights;

**E.** Primo be granted permanent injunctive relief enjoining Murtha and his agents, servants, employees and those persons in active concert or participation with him from further acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, including an injunction enjoining Murtha from continuing use of any mark including "Primo" or any other name confusingly similar to "Primo Doors" in connection with the sale of Murtha's products and services;

**F.** Murtha be ordered to deliver and destroy all products and materials bearing a mark including "Primo" or any mark confusingly similar to "Primo Doors" or "Primo," and all plates, molds, matrices and other means of making same, pursuant to 15 U.S.C. § 1118 and applicable law;

**G.** Murtha be ordered to file with this Court and serve on Primo within thirty (30) days after the service of the Court's injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Murtha has complied with the injunction pursuant to 15 U.S.C. § 1116;

**H.** Primo be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Murtha's wrongful acts complained of herein;

**I.** Primo be granted its reasonable attorneys' fees;

**J.** Primo be awarded its costs; and,

**K.** Primo be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Primo demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 17, 2023  By: /s/    *C. Dale Quisenberry*
C. Dale Quisenberry
Texas State Bar No. 24005040
dale@quisenberrylaw.com
QUISENBERRY LAW PLLC
13910 Champion Forest Drive, Suite 203
Houston, Texas 77069
Telephone: (832) 680-5000
Facsimile: (832) 680-5555

ATTORNEYS FOR PRIMO DOORS, LLC